Judge Underwood,
delivered the opinion of the Court.
Prewitt filed his bill to be relieved against a judgment, obtained on a note executed to John Hawkins and wife, acting as executors of E. Singleton, deceased, for the hire of a slave, upon the ground that Hawkins, who hired the slave, at the time of the hiring ‘'cautiously concealed” the fact that the slave was diseased.
Hawkins having died, the judgment was obtained in the name of the wife. The circuit court dissolved the injunction, and dismissed (he bill.
It is proved by one witness, that Hawkins knew of the unsoundness of the slave, and apologized for not making it known at the hiring, upon the ground, that he was “acting for heirs.’’' It is satisfactorily shewn by other evidence, that the slave was much afflicted, and that Hawkins must have known it. It was his duty to have made known the true condition of the slave, at the hiring. His diseases, asthma and rheumatism, of which the witnesses speak, were not so manifest, that they could have been ascertained by observation ata public hiring. Concealing them was *708 a fraud on the hirer, which in this case, we think ought to have induced the chancellor to grant the relief. The physician, who attended the slave, said he died from a general dropsy of the whole system, and said that the eifects of dropsy, particularly that of the chest, were similar to those produced by asthma.
Concealment of a disease with which a slave was afflicted at time of hiring, & which could not be ascertained by observation at a public hiring, is ground of relief against note given for the hire.
Dana, for plaintiffs,
Whatever may have been the true character of the disease, we think it clear, that Hawkins had a knowledge, that he was seriously afflicted, and should have communicated that knowledge, at the hiring. The slave died some months after he was hired. It may be urged, that the chancellor ought not to interfere, and rescind the contract, upon the ground of,fraud, because the hirer did not offer to return the slave, as soon as he ascertained he was diseased. It is made the duty of the hirer by law, (unless the contract provides otherwise,) to furnish medical aid to an hired slave, and to provide for him in sickness, and if no fraud has been practiced, the hirer is bound to pay the stipulated hire, and to defray all the expenses of the slave’s nursing and care, although the services of the slave may not remunerate him one cent. The fraud may not be discovered until months after the death of the slave.
We cannot, from any thing in the present record, perceive, that the hirer has been deprived of his right to come into chancery, in consequence of failing to tender a return of the slave. This could not be done after the death of the slave.
As it is shewn, that the slave was worthless after the hiring up to the time of his death, and that Hawkins, the executor, concealed his diseases, at the time of the hiring, we think the relief asked ought to have been granted.
Wherefore, the decree is set aside, and the cause remanded with instructions to render a decree in conformity to this opinion. The plaintiff in error must recover costs.